902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Robert and Sandra APPLEBY, Debtors.
Jane B. FORBES, Trustee of the estate of Robert and Sandra
Appleby, Plaintiff-Appellant,
v.
ASSOCIATES FINANCIAL SERVICES OF LEBANON, TENNESSEE; Robert
and Sandra Appleby, Defendants-Appellees.
 No. 89-5983.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1990.
 
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges; and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Jane B. Forbes, trustee of the bankrupt estate of Robert and Sandra Appleby, appeals the order of the district court affirming the bankruptcy court's determination that a note and a deed of trust executed in favor of Associates Financial Services of Lebanon, Tennessee (Associates) were not preferential transfers. Upon cross-motions for summary judgment, the bankruptcy court granted judgment for Associates. The district court affirmed the bankruptcy court's order without hearing oral argument and dismissed the appeal. Finding that Forbes cannot avoid the transfer as a preference under Sec. 547(b) of the Bankruptcy Code, 11 U.S.C. Sec. 547(b), we affirm the summary judgment.
 
 
 2
 * In April, 1987, the Applebys and Associates entered a loan agreement and executed a deed of trust on property in Wilson County, Tennessee as security. The loan was in the amount of $83,220.48. The deed of trust encumbered two separate parcels in Lebanon, Tennessee: one at 410 Highland Court and one at 412 Highland Court. The deed was executed on April 8, 1987 and properly recorded on April 10. On February 4, 1988, in exchange for partial payment on the debt in the amount of $33,500, Associates agreed to release the Applebys from the lien on the piece of property at 412 Highland Court. A new note securing only the parcel at 410 Highland Court was executed in the amount of $49,367.29. Although the note was executed on February 4, 1988, the new deed of trust, securing 410 Highland Court only, was not recorded until March 8, 1988. On March 2, 1988, Associates executed a full release of its April 10, 1987 security interest in both pieces of property but did not record that release until April 28, 1988.
 
 
 3
 On March 25, 1988, the Applebys filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, listing Associates as a secured creditor. As of that date, Associates had on record two deeds of trust, the original deed on both parcels and the second deed on 410 Highland Court only. March 8, the date when Associates filed the new deed, was within the 90-day preference period provided by 11 U.S.C. Sec. 547(b).
 
 II
 
 4
 Forbes argues that Tennessee law requires a mortgagee immediately to release the mortgagor from an obligation when the debt has been fully paid. Tenn.Code Ann. Sec. 66-25-101 (1988). The same rule applies to partial payments on a debt. Tenn.Code Ann. Sec. 66-25-103 (1988). When the Applebys made the $33,500 partial payment on February 4, 1988, Forbes contends that Associates was obligated to give the Applebys an immediate release from that portion of their obligation. Forbes reasons, therefore, that between March 2 and March 8, 1988, when the new deed was recorded, both of the Applebys' parcels of property were unencumbered.
 
 
 5
 Forbes therefore disagrees with the bankruptcy court's legal conclusion that "[o]n the date of the Debtors' bankruptcy petition, Associates Financial Services was secured by the April 8, 1987, Deed of Trust on the property located at 410 and 412 Highland Court and the February 4, 1988, Deed of Trust on the property located at 410 Highland Court." The district court adopted this conclusion of law in its opinion. Even if the bankruptcy court, under a proper construction of Tenn.Code Ann. Sec. 66-25-103, erred by holding that Associates was secured by both deeds on March 25, 1988, that holding does not disturb Associates' standing as a continuously secured creditor. Any error is harmless and does not require us to disrupt the finding that the second deed was not a preferential transfer.
 
 
 6
 We agree with the bankruptcy court that Forbes cannot prove all of the five essential elements of a preference. Forbes cannot show that Associates received more from the February 4 transaction than it would have been entitled to under a hypothetical Chapter 7 proceeding if the transfer had not occurred. 11 U.S.C. Sec. 547(b)(5)(A).
 
 
 7
 Forbes attempts to prove that the requirement of Sec. 547(b)(5)(A) was met by suggesting that Associates' security interest in the Applebys' property had lapsed as of the date the release was executed, March 2, 1988. As an unsecured creditor, Associates then received more than it would have been entitled to receive under Chapter 7 if the partial payment on the debt had not been made. Forbes's argument rests on the fallacious assumption that the March 8 recordation of the deed for 410 Highland Court was perfected more than ten days after the date of the transfer but within the 90-day preference period of Sec. 547(b)(4)(A).[2]
 
 
 8
 Forbes argues that the new deed was executed on February 4, 1988 but not recorded until March 8; therefore, when the release of the April 10, 1987 deed became effective on March 2, Associates became unsecured. Forbes, however, ignores the fact that Associates' interest in both properties, as secured by the April 10, 1987 deed, was released not on February 4, but on March 2--and the new security interest was perfected within the 10-day period after that date.
 
 
 9
 The appropriate period to be considered is the 10 days from the date on which Associates finally released its interest in both properties, not the 10 days from the date on which the new deed was executed. March 2, not February 4, was the true date of transfer.[3] Although the new note was signed on February 4, the transfer was not completed until Associates released the April 10, 1987 deed on March 2. By perfecting within 10 days of March 2, Associates never forfeited its security interest. Because the transfer was perfected within the 10-day period, Associates continuously had a perfected security interest, not subject to the avoidance rules of Sec. 547(b). Associates was at all times fully collateralized and therefore, in the words of the statute, did not "receive more than such creditor would receive" in a hypothetical Chapter 7 proceeding.
 
 
 10
 Since the true date of transfer was March 2, 1988, not February 4, 1988, Associates never became unsecured and Forbes cannot make out her case under Sec. 547(b). In light of our holding that Forbes cannot establish that the Applebys made a preferential transfer, we need not consider Associates' argument that it has a valid affirmative defense under Sec. 547(c)(1)(B).
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 11 U.S.C. Sec. 547(e)(2) provides that a transfer is made "(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time; (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ...."
 
 
 [3]
 11 U.S.C. Sec. 101(50) defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."